UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ALI GILL, | ) | CASE NO. 1:05 CV 1503 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN M. MANOS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| BOBBY C. SPARKS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On May 26, 2005, plaintiff pro se Ali Gill filed the above-captioned action under 42 U.S.C. § 1983 against Grafton Correctional Institution ("GCI") Maintenance Supervisor Bobby Sparks, GCI Occupational Health and Safety Specialist Norman Sabol, GCI Captain Rutter, and former GCI Health Care Administrator Paula Lane. In the complaint, plaintiff alleges he slipped on ice and sustained injuries to his back for which he was denied timely medical care. He seeks compensatory and punitive damages.

Mr. Gill, a GCI inmate, claims he was walking to breakfast on February 2, 2003 when he slipped on a patch of ice and fell. He states he injured his hip and his lower back. He reported the fall to Corrections Officer Spain who wrote an incident report and summoned Captain Rutter. Captain Rutter

did not respond to the call, but sent another officer in his place. Mr. Gill claims Captain Rutter, Mr. Sparks and Mr. Sabol did not personally inspect the area after the fall, or take action to abate the hazard.

Mr. Gill reported to the prison infirmary and discussed his injuries with Nurse Smith. Ms. Smith did not believe an outside emergency room visit was necessary and denied Mr. Gill an appointment with a prison doctor. She advised him to take Tylenol and put ice on his injuries. Later that same day, Mr. Gill returned to the infirmary reporting severe pain and swelling in his hip. He was scheduled for doctor's sick call where x-rays were taken. Mr. Gill had suffered a dislocated hip and two dislocated spinal discs. Five months passed before he was sent to the Ohio State University Medical Center for further evaluation by a Rheumatologist. He was given a prescription for Celebrex and Neutrin, and was told to use an "ultra heat bath." (Compl. at 7.) It took seven months for Mr. Gill to receive the medication from the prison physician. He did not receive the heat bath treatment. Mr. Gill's physical therapist also recommend that he receive a back support, a firmer mattress and an extra pillow. He claims he waited several months for these accommodations. Mr. Gill claims the defendants were deliberately indifferent to his serious medical needs.

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1988), cert. denied, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation,

describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001). In the absence of such particularized averments concerning exhaustion, the action must be dismissed. Id.

Ohio Administrative Code § 5120-9-31 sets forth a three-step grievance procedure for administrative remedies for inmates housed in Ohio prisons. Under this section, an inmate initiates the grievance procedure by filing an Informal Complaint Resolution form with the prison official whose area of responsibility is most related to the grievance. OHIO ADMIN. CODE § 5120-9-31(J)(1). If the inmate is dissatisfied with the informal complaint response, or if there has been no response to the complaint, the inmate may file a Notification of Grievance form with the Institutional Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(2). If this second step does not provide satisfactory results, the inmate may file an appeal with the office of the Chief Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(3). The Chief Inspector's written response to the inmate's appeal is the final decision on the grievance.

Mr. Gill has not demonstrated he exhausted his administrative remedies against each defendant named in this complaint. He includes grievance forms relevant to his fall and his medical treatment. While Mr. Sparks, Mr. Sabol, and Captain Rutter are identified in the grievances as possible parties responsible for the removal of ice on walkways, none of the grievances identifies Ms. Lane as the party responsible for the denial of medical care. All of the grievances pertaining to treatment he received or required were directed against the institution's physician. Mr. Gill directed an Informal Complaint Resolution form to Ms. Lane as the physician's supervisor. A prisoner is required to file a grievance

3

against the person or persons he ultimately seeks to sue. Curry, 249 F.3d at 505; see Thomas v. Woolum, 337 F.3d 720, 733-35 (6th Cir. 2003). This puts the particular staff member on notice that a claim has been filed and further assures that the prison's administrative system has an opportunity to deal with the claims against prison personnel before those complaints reach federal court. Curry, 249 F.3d at 505. Responding to a grievance is not the equivalent of being the subject of a grievance and would not put Ms. Lane on notice that a complaint may be brought against her.

Generally, if the exhaustion requirement has not been met, the federal case will be dismissed without prejudice. Brown v. Toombs, 139 F.3d at 1104. If a complaint on its face clearly fails to state a claim upon which relief may be granted, the court may dismiss it on the merits without requiring exhaustion. See 42 U.S.C. § 1997e(c)(2); Id. Although plaintiff has not demonstrated that he has complied with the mandates of §1997(e), his complaint, as written, fails to state a claim upon which relief may be granted, and is subject to dismissal on the merits pursuant to 28 U.S.C. §1915(e).[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

Mr. Gill failed to allege facts to suggest these defendants violated his Eighth Amendment rights. Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The Supreme Court in Wilson v. Seiter, 501 U.S. 294,

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must not only plead facts which, if true, establish that a sufficiently serious deprivation has occurred, id., but must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. Hudson v. McMilian, 503 U.S. 1, 9 (1992). A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Mr. Gill has not set forth allegations to support indicating Mr. Sparks, Mr. Sabol, or Captain Rutter acted with a sufficiently culpable mental state to justify a finding of liability under the Eighth Amendment. An official commits a constitutional violation when "he acts with criminal recklessness" which requires a state of mind of conscious disregard of a substantial risk of serious harm. Id. at 837. Mere negligence will not suffice. Id. at 835-36. Mr. Gill alleges only that at 6:45 a.m. he slipped on a patch of black ice on a prison walkway. He does not suggest these defendants knew of the hazard prior to Mr. Gill's fall. At best, their failure to adequately clear all of the ice and snow from the walkways constitutes negligence, not a violation of the Eighth Amendment.

Furthermore, there are no allegations against Ms. Lane in the pleading which suggest she could be personally liable for an Eighth Amendment violation. Mr. Gill claims "by virtue of his Informal Complaints and Grievances, she had personal knowledge of the medical orders she was to facilitate." (Compl. at 10.) The Informal Complaint Resolution form to which Mr. Gill refers was directed to Ms. Lane but was answered and signed by a prison nurse. (Informal Compl. dated 9/29/03). None of the formal Grievances provided with the complaint were directed to or contain information regarding Ms.

Lane.  There is no indication she was personally aware of the problem.  Furthermore, even if she had personally responded to his inquiry, the mere denial of a prisoner's grievance states no claim of constitutional dimension.  See Martin v. Harvey, No. 00-1439, 2001 WL 669983, at *2 (June 7, 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care"); see also Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir.1999) ( [as against defendants whose only involvement was the denial of administrative remedies], [t]here is no allegation that any of these defendants directly participated ... in the claimed ... acts....").  Although he states Ms. Lane is sued only for her actions and not the actions of those for whom she is responsible, the complaint contains no allegations against Ms. Lane which are not based on her role as a supervisor of the prison's medical department.  Mr. Gill has not alleged facts reasonably indicating Ms. Lane acted with conscious disregard of a substantial risk of serious harm.

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.


Issued: August 2, 2005                                             s/ John M. Manos
                                                                          UNITED STATES DISTRICT JUDGE

---

[2]  28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.